UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRACY LEE HURST-CASTL,<br><br>    Plaintiff<br><br>v.<br><br>SABLES, LLC,<br><br>    Defendant | Case No.: 2:25-cv-00752-APG-NJK<br><br>**Order Denying Motion to Enforce Temporary Restraining Order**<br><br>[ECF No. 27] |

    Plaintiff Tracy Lee Hurst-Castl moved ex parte to enforce a state court temporary restraining order (TRO) prohibiting defendant Sables, LLC from taking various post-purchase actions on a parcel of real property in Las Vegas.  Because the state court TRO had expired, I construed Hurst-Castl's motion as one for a new TRO and allowed Sables to respond. ECF No. 28.  Sables opposes a new TRO, arguing that Hurst-Castl is unlikely to prevail on the merits because her claims are barred by issue preclusion or are based on nonexistent statutory provisions.  Sables also argues that Hurst-Castl has not demonstrated that she is likely to suffer irreparable harm because although she was the property owner, she cannot claim irreparable harm to herself based on the potential eviction of the tenants, and because Sables is not the entity that owns the property or is seeking eviction.  Hurst-Castl did not reply to these arguments.

    To obtain a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *All.*

*for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). "The legal standards applicable to TROs and preliminary injunctions are substantially identical." *Babaria v. Blinken*, 87 F.4th 963, 976 (9th Cir. 2023) (simplified).

Hurst-Castl has not demonstrated any of these elements. She obtained the state court TRO ex parte and does not submit the exhibits, declarations, or motions that the state court relied on to grant it. Hurst-Castl provides only a copy of the state court TRO and several documents that she asserts show that Sables has violated that TRO. Because the state court TRO expired and I construed her motion as asking for a new one, Hurst-Castl needed to make a threshold showing of the elements for a TRO or preliminary injunction. She has not done so and she did not reply to Sables' arguments that she failed to show a likelihood of success or a likelihood that she will suffer irreparable harm absent an injunction. Because Hurst-Castl has not met her burden of showing that she is entitled to the "extraordinary remedy" of injunctive relief, I deny her motion. *See Winter*, 555 U.S. at 24.

I THEREFORE ORDER that plaintiff Tracy Lee Hurst-Castl's motion **(ECF No. 27) is DENIED**.

DATED this 3rd day of July, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE