UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRACY LEE HURST-CASTL, <br><br>  Plaintiff <br><br> v. <br><br> SABLES, LLC, <br><br>  Defendant | Case No.: 2:25-cv-00752-APG-NJK <br><br> **Order Declaring Plaintiff Tracy Lee Hurst-Castl a Vexatious Litigant** <br><br> [ECF No. 39] |

Sables, LLC moves for an order declaring Tracy Lee Hurst-Castl a vexatious litigant. ECF No. 39. Based on Hurst-Castl's history of filing frivolous legal actions and papers, I grant the motion.

**I.  BACKGROUND**

**A.  The Loan and Default**

On June 1, 2007, Hurst-Castl entered into a promissory note (Note) with Washington Mutual Bank (WaMu) for the principal amount of $2,250,000. The Note was secured by a deed of trust (the Deed of Trust, and collectively with the Note, the Loan) on Hurst-Castl's real property located at 3910 White Fir Way, Mt. Charleston, Nevada (the Property). ECF No. 1-1 at 32. Hurst-Castl defaulted on the Loan in 2008 and has not made any payments on the Note since then.

**B.  First Three Bankruptcies and Adversary Proceeding**

On June 8, 2010, Hurst-Castl filed the first bankruptcy case that affected the Property (Case No. 10-20635-bam, Bankr. Dist. Nev.). That case was dismissed on August 6, 2010 after Hurst-Castl failed to file any schedules or statements. *See* Case No. 10-20635-bam, ECF No. 23. On September 24, 2010, Hurst-Castl filed her second bankruptcy (Case No. 10-28140-bam,

Bankr. Dist. Nev.). While that bankruptcy was pending, on June 24, 2011, Hurst-Castl filed an adversary proceeding (Case No. 11-01166-bam, Bankr. Dist. Nev.) against JPMorgan Chase Bank and California Reconveyance Company (the then beneficiary and trustee, respectively, of the Deed of Trust)[1] and other defendants on other loans secured by other properties. She asserted claims for wrongful foreclosure, conspiracy to defraud, offering false instruments for record, quiet title, and determination of creditor status based on an allegation that the Loan was improperly securitized and thus the defendants were not the true beneficiaries or real parties in interest. ECF No. 40-1. Hurst-Castl failed to serve any of the defendants, and the case was voluntarily dismissed on November 9, 2011. *See* Case No. 11-01166-bam, ECF No. 9. Hurst-Castl's second bankruptcy was dismissed on September 14, 2012 after she failed to timely file required reports and to confirm a Chapter 11 plan of reorganization. *See* Case No. 10-28140-bam, ECF No. 220. Approximately three months later, on December 21, 2012, Hurst-Castl filed a third bankruptcy (Case No. 12-23874-btb, Bankr. Dist. Nev.). That case was dismissed on May 6, 2014, after Hurst-Castl failed to comply with the bankruptcy court's orders. *See* Case No. 12-23874-btb, ECF No. 241.

       C.      **Foreclosure Mediation**

On June 10, 2015, PennyMac Mortgage Investment Trust Holdings I, LLC (then holder of the Loan) began nonjudicial foreclosure proceedings on the Property by recording a Notice of Default and Election to Sell. Hurst-Castl elected to participate in the Nevada Foreclosure Mediation Program. The parties were unable to agree to a loan modification, and the mediator

---

[1] The Note and Deed of Trust went through a series of assignments between 2008 and 2022, all of which are reflected in recorded documents of which this court may take judicial notice. ECF Nos. 16-5 through 16-10.

found that PennyMac had complied with all the program's requirements and could proceed with foreclosure. ECF No. 40-3 at 2.

### D. First State Court Quiet Title Action

On September 14, 2015, Hurst-Castl filed a quiet title complaint against WaMu in Nevada state court (Case No. A-15-724525-C, Eighth Jud. Dist. Ct.). Her primary claim was that WaMu was not in possession of her Note when WaMu was put into receivership, so any subsequent transfer of the Loan was invalid. ECF No. 40-4 at 4-5. Hurst-Castl failed to serve WaMu, and she voluntarily dismissed the action on August 23, 2016.

### E. Petition for Judicial Review of Foreclosure Mediation

On October 29, 2015, Hurst-Castl filed a Nevada state court petition for judicial review of the ill-fated foreclosure mediation, in which she alleged that PennyMac did not engage in good faith (Case No. A-15-726907-J, Eighth Jud. Dist. Ct.). On July 18, 2016, the state district court denied Hurst-Castl's petition and held that PennyMac had complied with all document production requirements and established its authority to foreclose. ECF No. 40-3 at 5. Hurst-Castl appealed the ruling to the Nevada Court of Appeals (Case No. 71082-COA).

### F. Second State Court Quiet Title Action

While that appeal was pending, on August 26, 2016 Hurst-Castl filed a lawsuit against PennyMac in Nevada state court, asserting claims for trespass, quiet title, and declaratory and injunctive relief (Case No. A-16-742267-C, Eighth Jud. Dist. Ct.). She alleged that her signature on the Note produced by PennyMac was forged and that the statute of limitations barred PennyMac from foreclosing on the Property. ECF No. 40-5. PennyMac moved to dismiss, which the state district court granted on November 18, 2016. ECF No. 40-6 at 5:10-11. Hurst-Castl appealed that order to the Nevada Court of Appeals (Case No. 71990-COA), which

was consolidated with her earlier appeal of the denial of her petition for judicial review (Case No. 71082-COA).

On May 9, 2018, the Nevada Court of Appeals affirmed the district court's denial of Hurst-Castl's petition for judicial review, thus affirming that PennyMac was the valid beneficiary and assignee of the Note and Deed of Trust, that PennyMac complied with all Foreclosure Mediation Program requirements, and that PennyMac could properly proceed with foreclosure. ECF No. 40-7 at 6. As for the quiet title action, the court of appeals held that no statute of limitations prevented PennyMac from pursuing a nonjudicial foreclosure, but it remanded the remaining claims, as it found the district court had improperly relied on res judicata as the basis for their dismissal. *Id.* at 6-9.

Following remand, the state district court conducted a trial on Hurst-Castl's claims and entered its findings of fact, conclusions of law, and judgment on December 4, 2020. The court reiterated that the "Court of Appeals found that PennyMac has the beneficial interest under the Loan and the legal authority to foreclose on the Property." ECF No. 40-6 at 5:17-18. The court also found that Hurst-Castl "has initiated numerous legal actions in an attempt to avoid repaying the Loan after she defaulted on the Loan in 2008." *Id.* at 9:7-10. As to Hurst-Castl's forgery allegation, the court held:

> Given the overwhelming evidence, including Plaintiff's admissions that: (1) Plaintiff received the proceeds from the Loan; (2) Plaintiff used the proceeds from the Loan to pay off $1,538,610.00 of her pre-existing debt on the Property; (3) Plaintiff received $636,443.65 in cash from the Loan; (4) Plaintiff's inconsistent positions taken in prior judicial proceedings; and (5) the Court's own observation of the signatures, this Court finds Plaintiff's assertion that a single signature on the Note was forged is not credible and that Plaintiff failed to overcome the statutory presumption [of validity] at trial.

*Id.* at 11:21-27 (correcting typographical error in original).

### G. Appeal to the Supreme Court of Nevada

Hurst-Castl appealed the district court's order to the Supreme Court of Nevada (Case No. 82296) on December 31, 2020. Over the course of 15 months, Hurst-Castl obtained eight extensions of time to file her opening brief, but failed to file it. ECF No. 40-8 at 7. Ultimately, on May 13, 2022, the court dismissed the appeal, explaining that it could not allow Hurst-Castl to "indefinitely delay the briefing of this appeal." *Id.*

### H. 2023 Bankruptcy

On February 4, 2023, Hurst-Castl filed her fourth bankruptcy (Case No. 23-10410-gs, Bankr. Dist. Nev.). Long Term Capital Partnership VI, LLC (LTCP), PennyMac's successor in interest, filed a proof of claim for approximately $4 million secured by the Property. Hurst-Castl objected to LTCP's claim, raising the same statute of limitations argument that had been rejected by the state district court and affirmed by the Nevada Court of Appeals. ECF No. 40-9. After briefing and a hearing, the bankruptcy court entered an order on June 20, 2023 finding that Hurst-Castl had not presented sufficient evidence to overcome the presumptive validity of LTCP's claim, thus overruling Hurst-Castl's objection and allowing LTCP's claim to proceed. ECF No. 16-14.

### I. Adversary Proceeding and Appeal

On October 11, 2023, Hurst-Castl initiated an adversary proceeding against LTCP and FCI Lender Services, Inc. (FCI), the servicer of the Loan (Case No. 23-01132-gs, Bankr. Dist. Nev.). Hurst-Castl also named LTCP's and FCI's bankruptcy counsel as defendants. In her adversary complaint, Hurst-Castl accused LTCP, FCI, and their counsel of fraudulently filing a proof of claim based on a fabricated assignment of deed of trust. ECF No. 40-10. The adversary proceeding was dismissed on January 17, 2024 due to the dismissal of the Hurst-Castl's

underlying bankruptcy proceeding. Case No. 23-01132-gs, ECF No. 30. Hurst-Castl appealed the dismissal to the Ninth Circuit Bankruptcy Appellate Panel (Case No. 0:24-bk-1021, B.A.P. 9th Cir.), which ultimately dismissed the appeal as moot after Hurst-Castl filed a new bankruptcy case. *Id.*, ECF No. 59.

### J. 2024 Bankruptcy and Appeal

On September 3, 2024, Hurst-Castl filed her fifth bankruptcy (Case No. 24-14610-gs, Bankr. Dist. Nev.). On November 15, 2024, LTCP moved the bankruptcy court for relief from the automatic stay so that it could foreclose on the Property. Case No. 24-14610-gs, ECF No. 61. The bankruptcy court granted the motion, finding that Hurst-Castl's bankruptcy had been filed as part of a scheme to delay, hinder, and defraud LTCP, and allowing LTCP to move forward with foreclosure. Case No. 24-14610-gs, ECF No. 104. Specifically, in its oral ruling entered on January 10, 2025, the court found that "the record demonstrates that [Hurst-Castl] continuously used bankruptcy and state court litigation to thwart all efforts of her secured creditor to foreclose on the secured debt":

> The record now shows that PennyMac assigned the beneficial interest in the deed of trust of [*sic*] Long Term. And Long Term has presented evidence that it holds the promissory note and -- which is endorsed in blank. Still, the debtor seeks to relitigate the matters from which she has previously agreed she owes, and she has previously lost in both bankruptcy court and the state court. The record unequivocally establishes that the debtor has used multiple bankruptcy filings, among other litigation, to stop the foreclosure of her property as part of a lengthy and continuous scheme to hinder and delay her secured creditors, of which Long Term is the most recent.
>
> She has been in continuous default under those obligations since 2008 and seeks again to delay any secured debt while she takes another run at challenging the underlying obligation and deed of trust. In doing so, she once again has ignored the preclusive effect of the state court's decision in the second quiet title action, which she failed to pursue on appeal.

6

ECF No. 40-11 at 39:4-23. Hurst-Castl appealed the bankruptcy court's ruling to the Bankruptcy Appellate Panel (Case No. 0:25-bk-1045, B.A.P. 9th Cir.), which appeal is currently pending. Hurst-Castl additionally made a series of filings in opposition to the ruling, none of which was resolved in her favor.[2] LTCP filed a proof of claim in that bankruptcy proceeding. Hurst-Castl again objected to LTCP's claim, which the bankruptcy court yet again overruled. ECF Nos. 40-12, 40-13.

**K.     First Federal District Court Case and Foreclosure Sale**

Shortly after LTCP moved for relief from the automatic stay in the bankruptcy court, on December 13, 2024 Hurst-Castl filed a lawsuit in this district court against LTCP and FCI (Case No. 2:24-cv-02334-GMN-MDC). In that case, Hurst-Castl again attempted to challenge the validity of LTCP's interest in the Loan and its authority to foreclose on the Property based on the same arguments and factual premises she alleged in the 2011 adversary proceeding, 2015 petition for judicial review, 2016 quiet title action, 2023 adversary proceeding, and 2023 and 2024 bankruptcy proceedings. Hurst-Castl later amended her complaint, adding several causes of action and attaching over 1,000 pages of exhibits. *See* Case No. 2:24-cv-02334-GMN-MDC, ECF No. 20.

In the meantime, with the automatic stay lifted, LTCP moved forward with foreclosure by scheduling the trustee's sale of the Property for April 4, 2025. In response, Hurst-Castl filed four different "emergency motions" in the span of one week, attempting to prevent the foreclosure. *See* Case No. 2:24-cv-02334-GMN-MDC, ECF Nos. 35, 40, 47, 48. The trustee sale proceeded as scheduled on April 4, 2025, with LTCP purchasing the Property via credit bid.

---

[2] *See* Case No. 24-14610-gs, ECF No. 90 (objection to the order), ECF No. 117 (motion to vacate), ECF No. 119 (motion to reconsider), ECF No. 131 (motion to stay pending appeal), ECF No. 143 (renewed motion to stay).

LTCP received title by way of a Trustee's Deed Upon Sale recorded on April 9, 2025. On April 30, 2025, Judge Navarro denied all of Hurst-Castl's motions for injunctive relief and dismissed the case with prejudice. ECF No. 40-15.

In dismissing Hurst-Castl's complaint, Judge Navarro found that all of Hurst-Castl's claims were barred by the doctrine of res judicata. She held that the order of the Nevada state court in the 2016 quiet title action was "a final judgment on the merits that precludes any attempt by Hurst-Castl to challenge the validity of the Promissory Note and Deed of Trust, or the validity of the transfer to PennyMac, which was eventually transferred to Defendant LTCP." *Id.* at 11-12. She also found that the 2023 bankruptcy court order overruling Hurst-Castl's objection to LTCP's proof of claim "held that Defendant LTCP has a valid claim against [Hurst-Castl] secured by the Property." *Id.* at 12. Judge Navarro also rejected Hurst-Castl's argument that the previous court orders issued against her were "obtained by fraud," holding that "[Hurst-Castl's] allegations of fraud are reiterations of her claims challenging the validity of the Promissory Note and Deed of Trust, which she has asserted since 2016. The fraud and misrepresentation that Hurst-Castl alleges were litigated in the previous actions." *Id.* at 13.

Hurst-Castl filed a 163-page motion for reconsideration of the order of dismissal on May 28, 2025, a 169-page supplement to her motion for reconsideration on June 9, 2025, a second supplement on June 11, 2025, and a notice of supplemental authority on July 1, 2025. *See* Case No. 2:24-cv-02334-GMN-MDC, ECF Nos. 71, 73, 75, 77. Judge Navarro denied reconsideration on November 7, 2025. *Id.*, ECF No. 91. Following that order, Hurst-Castl moved to alter or amend the judgment on November 20, 2025. *Id.*, ECF No. 92. Judge Navarro denied that motion and directed the Clerk to not permit any further filings by Hurst-Castl in that case. *Id.*, ECF No. 93.

### L. The Present Lawsuit

While Hurst-Castl's first federal district court case was still pending, on April 18, 2025, she filed a new case in Nevada state court, this time naming only Sables, the foreclosing trustee, and bringing claims for wrongful foreclosure, quiet title, fraud, abuse of process, civil conspiracy, intentional infliction of emotional distress, unjust enrichment, and slander of title. ECF No. 1-1. Hurst-Castl also filed an ex parte motion for a temporary restraining order, which the state court granted on April 25, 2025. *See* ECF No. 1-2 at 296-97. Sables removed the case to this court, then moved to dismiss the action and to declare Hurst-Castl a vexatious litigant. I have granted the motion to dismiss by separate order.

## II.    LEGAL STANDARD

The All Writs Act, 28 U.S.C. §1651(a), empowers federal district courts to enjoin vexatious litigants who have a history of abusing the court's limited resources. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (citing *Tripati v Beaman*, 878 F.2d. 351, 352 (10th Cir. 1989)). Restrictions imposed on vexatious litigants must be narrowly tailored but may include prohibiting the litigant from filing future actions against a particular party or regarding particular issues without first demonstrating to the court that the proposed action is not frivolous. *Id.* at 1148.

In deciding whether to restrict a litigant's access to the courts, the court must consider "whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Molski v Mandarin Touch Rest.*, 347 F Supp.2d 860, 863-64 (C.D. Cal. 2004) (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 23 (2d Cir. 1986)). Because prefiling requirements contravene the presumption favoring public access to the courts, such orders are considered extreme remedies and should be entered only "after a

cautious review of the pertinent circumstances." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). Before issuing a prefiling restriction, a court must:

(1) give the litigant notice and an opportunity to be heard;

(2) create an adequate record for review, including all pertinent cases and motions;

(3) make substantive findings regarding the frivolous or harassing nature of the litigant's actions; and

(4) narrowly tailor the order to address the objectionable conduct without unduly restricting the litigant's access to the courts.

*De Long*, 912 F.2d. at 1147-48

Steps one and two are procedural in nature, while steps three and four are substantive. In addressing steps three and four, the Ninth Circuit has adopted the Second Circuit's five-factor framework (the *Safir* factors) to evaluate the vexatiousness of the party's actions and the appropriateness of the proposed remedy. The court should consider:

(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Molski*, 500 F.3d at 1058 (quoting *Safir*, 792 F.2d at 24).

### III.   ANALYSIS

#### 1.   *Hurst-Castl has had adequate notice and opportunity to be heard.*

Hurst-Castl received notice by virtue of Sables' motion to declare her a vexatious litigant. She has had an opportunity to be heard because she filed a response to the motion.

That "is sufficient to satisfy the first factor." *Bailey v. Suey*, No. 2:12-cv-01954-JCM-CWH, 2014 WL 3897948, at *4 (D. Nev. Aug. 11, 2014) (internal citation omitted). *See also Balik v. City of Torrance*, 841 F. App'x 21, 22 (9th Cir. 2021) (holding that a litigant is not entitled to a hearing before being declared a vexatious litigant).

### *2. Sables presents a suitable record for review, setting forth cases and motions that support the requested relief.*

The second *De Long* requirement regards the preparation of a suitable record for appellate review. Sables' motion details the lengthy litigation history Hurst-Castl has pursued regarding the Property. I have summarized the relevant proceedings above. This record is adequate for appellate review.

### *3. An analysis under the Safir factors shows that Hurst-Castl's litigation history includes a pattern of repetitive and frivolous claims, harassment of opposing parties, and an abuse of the judicial system.*

Under the third step in *De* Long, I must make substantive findings of Hurst-Castl's frivolous, harassing, or abusive litigation. To make these findings, I analyze the relevant documents and procedural history using the five *Safir* factors.

#### a. History of Litigation

Hurst-Castl has filed several state and federal actions against Sables, LTCP, LTCP's predecessors in interest, and others in privity with Sables and LTCP based on the same set of facts. Court after court has informed Hurst-Castl that her claims are precluded or has otherwise rejected her arguments with regard to the Property. Despite continuously losing, she has insisted on bringing the same or similar claims based on the same or similar underlying

allegations. Her conduct is clearly vexatious, harassing, and abusive to the parties and the courts.

### b. Hurst-Castl's Motive

In determining Hurst-Castl's motive, I consider whether she has an objective good faith expectation of prevailing in her lawsuits. *Molski v. Evergreen*, 500 F.3d at 1058. While Hurst-Castl perhaps has a subjective belief that she will prevail, I cannot find that she has an objective, good faith expectation of prevailing, based on the repeated dismissals by prior courts that have considered her claims and arguments. No reasonable litigant would believe she had a chance to succeed after so many repeated rejections.

### c. Representation of Counsel

The third *Safir* factor requires me to consider whether Hurst-Castl is represented by counsel. She is currently proceeding pro se but has at times been represented by counsel. Declaring a pro se plaintiff a vexatious litigant "should be approached with particular caution," but they are not immune from a vexatious litigation finding. *De Long*, 912 F.2d at 1147.

### d. Expense to Defendants and Burden on Courts

Under the fourth *Safir* factor, I consider the expenses and burdens opposing parties and the courts have incurred because of Hurst-Castl's abusive litigation. As detailed above, she has filed multiple similar suits and bankruptcy proceedings, and her arguments have been rejected each time. The courts have undoubtedly spent hundreds of hours adjudicating these matters, and the various defendants have expended considerable resources in time and money litigating these claims.

        **e. Other Sanctions**

Recognizing the severe nature of this remedy, I must consider whether lesser sanctions would likely curtail Hurst-Castl's abusive behavior. Her history of recycling rejected claims and arguments in both federal and state courts suggests that no lesser action is likely to deter her. A narrowly tailored prefiling review order is the most appropriate method to curb Hurst-Castl's abuse of the litigation process.

    **4.**     *A narrowly tailored prefiling order it an appropriate remedy.*

*De Long*'s final step requires me to ensure that the remedy is not overbroad, given the important policy favoring public access to the courts. *De Long*, 912 F.2d at 1148. After careful consideration of all the relevant factors, I conclude that the best way to curtail Hurst-Castl's abusive behavior is to require prefiling approval of her proposed future lawsuits. This remedy will not prevent her from filing other suits unrelated to this Property and Loan, but it will protect Sables and those in privity with Sables from future claims regarding the Property.

**IV.**    **CONCLUSION**

I THEREFORE ORDER that Sables' motion to declare Hurst-Castl a vexatious litigant **(ECF No. 39) is GRANTED**.

I FURTHER ORDER that Tracy Lee Hurst-Castl is hereby declared a vexatious litigant and enjoined and prohibited from commencing a new action with a case-initiation document (whether complaint, petition, or otherwise) in the United States District Court for the District of Nevada regarding the Property or Loan discussed in this order without first obtaining prefiling permission from the Chief Judge of this district. This means that, if Hurst-Castl desires to file a new action in the United States District Court for the District of Nevada:

- She must first apply to the Chief Judge of this district for leave to file the document by submitting to the clerk's office an application bearing the title "Application to Chief District Judge Seeking Leave to File."
- The application must be supported by a declaration from Hurst-Castl, made under penalty of perjury, stating that: (1) the matters asserted in the new complaint or petition do not relate to the Property or the Loan; (2) the new claim or claims are not frivolous or made in bad faith; and (3) she has conducted a reasonable investigation of the facts and such investigation supports the claims.
- She must attach a copy of this order to the application. The failure to fully comply with this order will constitute sufficient grounds for denial of the application.

This order also applies to actions originally filed in Nevada state court and removed to federal court, and to adversary proceedings in this district's bankruptcy court.

I FURTHER ORDER that the Clerk of Court is authorized to reject, refuse to file, and discard any new case-commencement document submitted without prior compliance with this order.

DATED this 2nd day of December, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE