UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRACY LEE HURST-CASTL, | Case No.: 2:25-cv-00752-APG-NJK |
| Plaintiff | **Order Granting Motion to Dismiss** |
| v. | [ECF Nos. 15, 37, 44, 51, 68, 71, 75] |
| SABLES, LLC, | |
| Defendant | |

This is the latest of a series of lawsuits filed by Tracy Lee Hurst-Castl about the foreclosure of her rental property. Hurst-Castl has not made a mortgage payment since June 2008 and has been fighting foreclosure since then. She has filed at least three lawsuits in state court, five bankruptcy proceedings, two bankruptcy appeals, and one prior lawsuit in federal court. She never prevailed in any of those matters, and the property was eventually sold at a foreclosure sale on April 4, 2025. Undeterred, Hurst-Castl filed this lawsuit in state court against the foreclosing trustee, Sables, LLC, alleging it wrongfully foreclosed on the property. ECF No. 1-1. Sables removed the case to this court and now moves to dismiss it under Federal Rule of Civil Procedure 12(b)(6). I grant the motion to dismiss because Hurst-Castl cannot maintain any of her 12 causes of action.

I.   **LEGAL STANDARD FOR A MOTION TO DISMISS**

In evaluating a motion to dismiss under Rule 12(b)(6), I take all well-pleaded allegations of material fact as true and construe them in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). However, I do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017). Conclusory allegations of

law are insufficient to defeat a motion to dismiss. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).  A plaintiff must also make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Those allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.  When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Tiedemann v. Von Blackensee*, 72 F.4th 1001, 1007 (9th Cir. 2023).

## II.  ANALYSIS OF CLAIMS

The parties are familiar with the facts and tortured procedural history of this dispute, so I discuss those only as needed to resolve the issues.

### A. Hurst-Castl's claims of wrongful foreclosure and statutory violations are barred as a matter of law.

Hurst-Castl's first two causes of action allege that Sables violated Nevada Revised Statutes (NRS) sections 107.080 and 107.082 because Sables was required to re-notice the foreclosure sale after 90 days from its originally scheduled date. ECF No. 1-1 at 10-12.  But neither of those statutes has a 90-day time limit.  Rather, NRS § 107.082(1) allows a sale to be "postponed by oral proclamation . . . to a later date at the same time and location" up to three times without having to be re-noticed under 107.080.  While there is a 90-day limitation in NRS § 107.550(1)(c), that provision does not apply to rental properties, which Hurst-Castl admits this is. ECF No. 1-1 at 4; *Agio, LLC v. Quality Loan Serv. Corp.*, No. 78610, 472 P.3d 186, 2020 WL

5634152, at *1 (Nev. Sept. 18, 2020) (holding that NRS § 107.550(1) does not apply where owner "did not occupy the property as its primary residence").[1]

Moreover, substantial compliance with the foreclosure statutes' notice provisions is sufficient under Nevada law, and Sables achieved that here. *Dayco Funding Corp. v. Norman*, No. 81971, 509 P.3d 607, 2022 WL 1683504, at *3 (Nev. 2022) ("Substantial compliance is found when the title holder had actual knowledge of the default and the pending foreclosure sale and was not prejudiced by the lack of statutory notice." (simplified)). *See also Hernandez v. IndyMac Bank*, No. 2:12-cv-00369-MMD-CWH, 2014 WL 12644259, at *3 n.6 (D. Nev. Sept. 19, 2014) ("[T]he record supports Defendants' substantial compliance with the statutory notice requirements as evidenced by Plaintiff's own actions in moving for TROs to prevent the foreclosure sale."). Hurst-Castl actively fought the foreclosure in court, confirming that she had actual notice of the sale and was not prejudiced in her ability to fight it by any lack of notice. Thus, Hurst-Castl's statutory arguments fail.

Hurst-Castl also alleges that the foreclosure sale was improper because it was conducted while she was appealing the Bankruptcy Court's order denying her relief. ECF No. 1-1 at 10. But her appeal did not render that court's order unenforceable. "Absent a stay pending appeal, the prevailing party is entitled to treat the order of the bankruptcy court as final." *In re Pappas*, 215 B.R. 646, 650 n.5 (B.A.P. 2d Cir. 1998). No stay was entered here, so the foreclosure was not improper.

Finally, she alleges that she "was unlawfully denied the right to record a Lis Pendens," which presumably might have blocked the foreclosure sale. ECF No. 1-1 at 10. But Hurst-Castl

---

[1] Even if a 90-day requirement applies, that period was tolled during Hurst-Castl's bankruptcy proceedings. NRS § 107.550(2)(a). Excluding those days from the calculation, the sale occurred within the 90-day period.

3

admits that it was the Clark County Recorder, not Sables, who rejected her attempt to record a Lis Pendens "based on an internal legal review." *Id.* at 8. Thus, she cannot maintain this claim against Sables. Because the first and second causes of action are barred as a matter of law, I dismiss them with prejudice.

### B. Hurst-Castl's causes of action for quiet title, declaratory relief, and slander of title are barred as a matter of law.

Hurst-Castl's third cause of action seeks to quiet title in the subject property in her name. Her fourth cause of action seeks a declaration that she retains ownership of the property. And her ninth cause of action asserts slander of title. For each of these claims, she repeats the same allegations from the first two causes of action about violations of NRS §§ 107.080 and 107.082, which I have rejected. She also alleges that the foreclosure sale was invalid because the underlying deed of trust was "extinguished under Nevada law" and there were "multiple rescissions, fabricated assignments, and failure to enforce the debt within statutory timelines." *Id.* at 12. These allegations are based on her argument that the beneficiary of the underlying deed of trust (Long Term Capital Partnership VI, LLC (LTCP)) did not hold a valid interest in it. ECF No. 1-1 at ¶¶ 13-14, 44, 47, 59, 81, 85-87. Hurst-Castl admits that her claims "all hav[e] the same continuation of crucial unresolved issues in reference to the purported creditor" LTCP. *Id.* at 8 ¶ 13.

Hurst-Castl has previously litigated these same arguments in at least three different forums and lost each time. ECF No. 16-23 at 10-13. "Res judicata, or claim preclusion, prohibits lawsuits on any claims that were raised or could have been raised in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (simplified). A claim is precluded by prior litigation when there is: "(1) an identity of claims, (2) a final judgment on the merits, and

4

(3) privity between parties." *United States v. Arpaio*, 951 F.3d 1001, 1007 (9th Cir. 2020) (simplified).

Hurst-Castl's claims in this case about the enforceability of the deed of trust and LTCP's interest in it are identical to her claims in prior suits, and judgments were entered against her in those cases. Sables, as trustee of the deed of trust, is in privity with LTCP and FCI Lender Services, Inc., the defendants in Hurst-Castl's prior lawsuits. *D'Haenens v. Fed. Nat'l Mortg. Ass'n*, No. 2:11-cv-01432-GMN-GWF, 2012 WL 2000691, at *3 (D. Nev. June 5, 2012) (holding the trustee for a mortgage "is in privity with the Defendants in Plaintiff's prior actions, since all three actions relate to the same property and to the same foreclosure proceedings"). Thus, Hurst-Castl's allegations about the enforceability of the underlying deed of trust and LTCP's interest in it are barred by res judicata.

Moreover, her slander of title claim fails for the additional reason that the trustee's deed upon sale that Sables recorded after the foreclosure sale was not false. The trustee's deed accurately reflects the results of the sale, so it cannot form the basis of a slander of title claim. *Derrico v. PennyMac Corp.*, No. 2:15-cv-01165-APG-NJK, 2018 WL 472998, at *3 (D. Nev. Jan. 17, 2018) (dismissing slander of title claim because plaintiff did not "argue that the sale was not actually scheduled or did not actually take place").

Hurst-Castl's quiet title, declaratory relief, and slander of title causes of action are barred as a matter of law, so I dismiss them with prejudice.

### C. Hurst-Castl cannot assert a valid claim of intentional infliction of emotional distress.

Hurst-Castl's claim for intentional infliction of emotional distress is based upon the same allegations I have rejected above: that Sables failed to re-notice the sale, foreclosed while she

was pursuing her appeal, and denied her right to record a lis pendens. ECF No. 1-1 at 14-15. To properly plead this claim, Hurst-Castl must allege that (1) Sables engaged in "extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress," (2) she "suffered severe or extreme emotional distress," and (3) "actual or proximate causation." *Star v. Rabello*, 625 P.2d 90, 92 (Nev. 1981). "[E]xtreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community" *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (simplified)). None of the actions Hurst-Castl complains about was improper, intolerable, or outside all possible bounds of decency. They do not, as a matter of law, constitute extreme and outrageous conduct. And Hurst-Sable cannot allege any facts that would support this claim if I allowed her to amend. Thus, I dismiss this claim with prejudice.

**D. A non-judicial foreclosure sale cannot be the basis of an abuse of process claim.**

Hurst-Castl's seventh cause of action asserts that Sables' conduct of the foreclosure sale was an abuse of process. ECF No. 1-1 at 15-16. To establish this claim, Hurst-Castl must show that Sables (1) had "an ulterior purpose for bringing a legal action other than resolving a legal dispute," and (2) used the legal process in a way that is "not proper in the regular conduct of the proceeding." *Las Vegas Fetish & Fantasy Halloween Ball, Inc. v. Ahern Rentals, Inc.*, 182 P.3d 764, 767 (Nev. 2008). But a "non-judicial foreclosure . . . is not the characteristic legal action contemplated by an abuse of process claim." *Barlow v. BNC Mortg., Inc.*, No. 3:11-cv-0304-LRH-VPC, 2011 WL 4402955, at *4 (D. Nev. Sept. 21, 2011) (citations omitted); *see also Riley v. Greenpoint Mortg. Funding, Inc.*, No. 2:10-cv-1873-RLH-RJJ, 2011 WL 1979831, at *5 (D. Nev. May 20, 2011) (holding that a foreclosure sale "is not the type of process addressed by the abuse of process tort"). A non-judicial foreclosure sale occurs outside of the court's process, so

6

it cannot be the basis of a claim of abuse of that process. Thus, I dismiss this claim with prejudice.

### E. The unjust enrichment claim fails because Hurst-Castl has not conveyed any benefit on Sables that Sables is wrongfully retaining.

Hurst-Castl next asserts a claim for unjust enrichment. ECF No. 1-1 at 16. "Unjust enrichment occurs when a plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." *UnitedHealthCare Ins. Co. v. Fremont Emergency Servs. (Mandavia), Ltd*, 570 P.3d 107, 121 (Nev. 2025) (en banc) (simplified). Hurst-Castl alleges she "provided value in the form of her long-standing ownership, property maintenance, improvements, property taxes, insurance and compliance with legal obligations during her Chapter 11 proceedings." ECF No. 1-1 at 16. Even if true, she has not plausibly alleged how Sables benefitted from any of that. The trustee's deed of sale confirms that LTCP purchased the property at the foreclosure sale, not Sables. ECF No. 16-24 at 2. Thus, Hurst-Castl could not have conveyed any benefit on Sables, the foreclosure trustee. And because Sables does not own the property, it has not "wrongfully obtained title to [Hurst-Castl's] property" and does not possess or control it. ECF No. 1-1 at 16.

In addition, the unjust enrichment claim fails because Hurst-Castl entered into loan documents and a deed of trust that eventually gave rise to the foreclosure sale. "An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Leasepartners Corp. v. Robert L. Brooks Tr. Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997). Because of those written contracts, she cannot maintain her claim for unjust enrichment. *Anderson v. Deutsche*

7

*Bank Nat'l Tr. Co.*, No. 2:10-cv-1443-JCM-PAL, 2010 WL 4386958, at *4 (D. Nev. Oct. 29, 2010) (dismissing unjust enrichment claim because "the plaintiff's loan documents created the express, written agreement upon which the plaintiff bases a majority of his claims"). I therefore dismiss this claim with prejudice.

### F. The claims of fraud, constructive fraud, and civil conspiracy are not properly pleaded and are barred by res judicata.

Hurst-Castl's claims of fraud, constructive fraud, and civil conspiracy suffer from several fatal defects. First, they violate Federal Rule of Civil Procedure 9(b) because they do not "state with particularity the circumstances constituting fraud" as required by that rule. "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (simplified).[2] Hurst-Castl's fraud claim alleges that "Defendants, and each of them[3] . . . made false representations or material omissions regarding the legal validity and timing of the foreclosure sale, including" failing to re-notice the sale, conducting the sale "while concealing the pendency of" her bankruptcy appeal, and recording the trustees' deed despite knowing of her pending litigation. ECF No. 1-1 at 13-14. Her constructive fraud and civil conspiracy claims make

---

[2] Rule 9(b) also applies to a party asserting a conspiracy to commit fraud.

> Where the plaintiffs allege a conspiracy to defraud them, Rule 9(b) particularity is required. . . . The nature and purpose of the alleged conspiracy, its timing, and the injury resulting therefrom should be described. . . . As important, the complaint ought to inform each defendant of what he did that constituted joining into the conspiracy.

*Arroyo v. Wheat*, 591 F. Supp. 136, 139 (D. Nev. 1984) (simplified). *See also Anderson*, 2010 WL 4386958, at *4 ("Merely stating that defendants 'formed an association' and engaged in 'fraud and misrepresentation' is not sufficient to meet the heightened pleading standard.").

[3] Sables is the only defendant in this case.

similar allegations. *Id.* at 18-19. These general allegations do not provide the details of when the statements were made, by and to whom, and how they defrauded her. Indeed, her allegations that Sables concealed and failed to disclose her "pending Federal, Bankruptcy litigation and BAP presently pending appeal" (ECF No. 1-1 at ¶¶ 46, 81) could not have defrauded her because she knew about those proceedings.

But even pleading with particularity will not cure these claims because they are based on the allegations discussed above that are barred by res judicata. For instance, the fraud claim alleges that Sables falsely asserted that LTCP "held a lawful interest in the Deed of Trust." ECF No. 1-1 at 14. Similarly, the constructive fraud claim alleges Sables "failed to disclose material facts regarding the extinguishment of the lien [and] the improper Substitution of Trustee." ECF No. 1-1 at 18. Her civil conspiracy claim alleges that Sables conspired with others to commit "acts includ[ing] misrepresentations, fraudulent filings, suppression of required notices, and execution of a void sale despite known legal deficiencies." ECF No. 1-1 at 19. These allegations have been resolved against her by final judgments in prior lawsuits and thus are barred by res judicata. They cannot form the bases of claims in this case. I therefore dismiss the claims of fraud, constructive fraud, and civil conspiracy with prejudice.

### III.   CONCLUSION

The fatal defects with Hurst-Castl's complaint are incurable by amendment.

I THEREFORE ORDER that Sables' motion to dismiss **(ECF No. 15) is granted** and Hurst-Sable's complaint **(ECF No. 1-1) is dismissed with prejudice** against refiling.

I FURTHER ORDER that Hurst-Sables' pending motions **(ECF Nos. 37,[4] 44, 51, 68, 71, 75) are denied as moot**. I will address Sables' motion to deem Hurst-Castl a vexatious litigant (ECF No. 39) by a separate order.

I FURTHER ORDER the clerk of court to enter judgment in favor of Sables and against Hurst-Castl and to close this file.

DATED this 2nd day of December, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] I denied Hurst-Castl's prior motion to remand. ECF No. 26. Her new motions assert the same grounds and a few new, meritless grounds. ECF Nos. 37, 68. To the extent Hurst-Castl argues Sables lacks standing to remove this case (ECF No. 37 at 3), I remind her that she sued Sables, so it has standing to remove the case as a defendant.